CLOSED

***UNITED STATES DISTRICT COURT***
**SOUTHERN DISTRICT OF CALIFORNIA**

**United States of America**

**v.**

**Kimberly Wesson Lee**

# JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed on or After November 1, 1987)

**No. 07-10699-001M -SD**

Brenda Acosta Sandoval (AFPD)
Attorney for Defendant

USM#: 73006208 DOB: 1959 ICE#: A88 361 423

**THE DEFENDANT ENTERED A PLEA OF** guilty on 10/29/2007 to Count TWO of the Complaint.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18 USC 3 AND TITLE 8 1325 ACCESSORY AFTER THE FACT IN ILLEGAL ENTRY, a Petty offense, as charged in Count TWO of the Complaint.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby placed on probation for a term of TWO (2) YEARS on Count TWO.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk, U.S. District Court, Attn: Finance, 880 First Street, Suite 4290, San Diego, California, the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $10.00 **FINE:** $990.00 **RESTITUTION:** $

The total special assessment of Remitted shall be paid pursuant to Title 18, United States Code, Section 3013 for Count Two of the Complaint.

All monetary penalties are due immediately or in regular monthly installments. If incarcerated, payments shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance shall become a condition of supervision and shall be paid within prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.

The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 05-36:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.

3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The defendant shall also comply with the following special conditions:

1.You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2.You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

3.You shall provide the probation officer access to any requested financial information.

4.The defendant shall maintain full-time employment and/or schooling as directed by the probation officer.

5.You are prohibited from owning, maintaining or using a firearm.

6. You shall not enter the Republic of Mexico without the written permission of the probation officer.

7. You shall report all vehicles owned, operated, or in which you have an interest to the probation officer.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervise release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

Date of Imposition of Sentence: **Monday, October 29, 2007**

______________________________ Date October 29, 2007
JAY R. IRWIN, United States Magistrate Judge

**RETURN**

I have executed this Judgment as follows:______________________________

Defendant delivered on ____________ to ______________________ at ______________________, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

______________________________ By:______________________________
United States Marshal Deputy Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA - Yuma

MAGISTRATE JUDGE'S MINUTES

DATE: 10/29/2007 CASE NUMBER: 07-10699-001M-SD

**PLEA/SENTENCING MINUTES**

USA vs. Kimberly Wesson Lee

U.S. MAGISTRATE JUDGE: JAY R. IRWIN Judge #: 70BK

U.S. Attorney ______ INTERPRETER REQ'D ______
LANGUAGE: English

Attorney for Defendant Brenda Acosta Sandoval (AFPD)

DEFENDANT: ☒ PRESENT ☐ NOT PRESENT ☐ RELEASED ☒ CUSTODY

DOA 10/26/07 ☒ Complaint Filed ☒ Appointment of counsel hearing held
☒ Financial Afdvt taken ☐ No Financial Afdvt taken ☐ Financial Afdvt sealed
☒ Initial Appearance

**DETENTION HEARING**: ☐ Held ☐ Cont'd ☐ Reset ☐ UA
Set for: before:

☐ Defendant ordered temporarily detained in the custody of the United States Marshal
☐ Defendant ordered released (see order setting cond of rel) ☐ Bail set at $______
☐ Defendant continued detained pending trial ☐ Flight Risk ☐ Danger

**PLEA HEARING**: ☒ Held ☐ Cont'd ☐ Reset
Set for: before:

☐ Consent to be tried by a Magistrate Judge signed ☐ Class A Misd ☐ Class B Misd ☐ Class C Misd
☐ Consent of Defendant ☐ Information filed ______ ☐ Complaint filed ______
☒ Defendant sworn and examined by the Court ☒ Plea of Guilty ☐ Not Guilty ☒ Entered to Counts TWO
☐ Defendant states true name to be _____. Further proceedings ORDERED in defendant's true name.
☒ Plea of Guilty entered as to Ct(s) TWO of the ☐ Information ☐ Indictment ☒ Complaint
☒ Court recommends/or accepts defendant's plea and finds plea to be freely and voluntarily given.
☐ Plea agreement: ☐ Lodged ☐ Filed ☐ Sealed
☐ Court does not accept defendant's plea of guilty because ______
☐ PSI ORDERED ☐ EXPEDITED ☒ PSI waived ☐ Time waived for passage of sentence
☐ Continued for sentence to __ before ______
☒ To be dismissed upon entry of the judgment, Ct(s) ONE
☒ ORDER vacate trial date/motion hearing/mtns moot
☐ ORDER defendant remain released pending sentence ☒ remanded to USM

SENTENCING:

☐ Defendant committed to Bureau of Prisons for a period of___ ☒ Probation 2 Years
☒ Special Assessment $ 10.00 ☒ Fine $ 990.00 ☐ Restitution $______

Other: ______

RECORDED: CS
BY: Jocelyn M. Arviso, Deputy Clerk

AO 91 (Rev.5/85) Criminal Complaint

10/26

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
Kimberly Wesson LEE
YOB: 1959
A88 361 423
United States Citizen

CRIMINAL COMPLAINT

CASE NUMBER: 07-10699M-SD

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

COUNT I

That on or about October 26, 2007, within the Southern District of California, Defendant(s) Kimberly Wesson LEE, knowing or in reckless disregard of the fact that certain alien(s), namely, Eloy CISNEROS-Meza and Carlos Hugo CRUZ-Vazquez, had come to, entered, or remained in the United States in violation of law, did transport or move or attempt to transport or move said alien(s) in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii)(Felony).

COUNT II

That on or about October 26, 2007, within the Southern District of California, Defendant Kimberly Wesson LEE did knowingly and willfully aid, abet, and assist the above-named persons who were in the United States in violation of law and that an offense had been committed against the United States, did receive or assist the offender(s) in order to hinder or prevent his/her/their apprehension; in violation of Title 18, United States Code, Section 3 and Title 8, United States Code, Section 1325 (Misdemeanor).

Continued on the attached sheet and made a part hereof. ☒ Yes ☐ No

Signature of Complainant
Artemio Garcia
Senior Patrol Agent

Sworn to before me and subscribed in my presence,

October 29, 2007 at Yuma, Arizona
Date City and State

Jay R. Irwin, U.S. Magistrate
Name & Title of Judicial Officer

Signature of Judicial Officer

STATEMENT OF FACTUAL BASIS

Defendant: Kimberly Wesson LEE

**IMMIGRATION HISTORY:** The Defendant is a United States citizen.

**CRIMINAL HISTORY:** None Found

Narrative:

On October 26, 2007, Senor Patrol Agent Schulz was assigned to the Andrade, California area of operations. At approximately 1400 hours Senor Patrol Agent Michael Dittmar was observing traffic from a concealed location in the parking lot of the Quechan Indian Reservation. This parking area is located adjacent to the International Border and is an area that is used regularly to load illegal aliens that cross illegally from Mexico. Agent Dittmar observed three individuals climb over the international boundary fence approximately one quarter mile west of the Andrade, California Port of Entry. The Agent Dittmar then observed them crawl under the perimeter fence of Quechan Parking Lot and enter into a vehicle parked near the same fence. Agent Dittmar described the vehicle as a white Buick four door. Agent Schulz then observed the vehicle exit the Quechan Parking Lot and proceeded north bound on Andrade Road.

Agent Schulz pulled behind the vehicle and performed a traffic stop to determine citizenship of the occupants. The vehicle yielded and pulled to the side of Andrade Road approximately 200 yards north of the Port of Entry on Andrade Road. Agent Schulz identified himself as a Border Patrol Agent and questioned the driver as to her citizenship. She stated that her name was Kimberly Lee and was a US citizen born in Yuma, AZ. Agent Schulz then questioned the occupants and determined the two passengers did not have any immigration documents to be here legally. Agent Schulz then took the driver and the two passengers into custody. Agent Schulz transported the driver and owner of the vehicle Kimberly Lee to Yuma Border Patrol Station for further processing and questioning. The two occupants were transported separately to the Yuma Border Patrol Station for processing and questioning.

At the station Eloy Cisneros Meza gave a sworn statement stating that he was born in Puruandido, Michoacan, Mexico. He admitted to making arrangements to pay $2,000 to be smuggled to Fresno, California. He stated that he jumped the fence near Los Algodones, Mexico and loaded into a white car that was waiting in the parking lot. The guide that crossed him over pointed out which car to get in. He was not inspected by an immigration officer and does not have immigration documents to be here legally. Eloy Cisneros Meza identified Kimberly Lee in a six photo line up as the driver of the white four door that they loaded into.

At the station Carlos Hugo Cruz Vasquez gave a sworn statement stating that he was born in Naucalpan, Mexico, Mexico. He admitted to making arrangements with a man called Felipe to pay $2,500 to be smuggled to Los Angeles, California. He stated that he jumped the fence near Los Algodones, Mexico and loaded into a white car that was waiting in the parking lot. He was not inspected by an immigration officer and does not have immigration documents to be here legally. Carlos Hugo Cruz Vasquez identified Kimberly Lee in a six photo line up as the driver of the white four door that they loaded into.

Kimberly Wesson Lee was read her rights per service form I-214 at 1850 hours by Agent Aaron Garcia. She agreed to answer questions without lawyer present and agreed to give a sworn statement to the facts that occurred. She stated that she was going to pickup people for a person named "Chuy". She was told to park the car next to the fence at the parking lot in Andrade, California. She saw the people jump over the fence and then they got in her vehicle. She drove off and she was stopped shortly after by the Border Patrol. She admitted that she was going to be paid $150.00 dollars per person and then she was going to take them to a trailer park in Yuma, Arizona. She stated this was her third time picking up illegal aliens from this location. She admitted that she knew it was illegal to pickup aliens.

| | | |
|---|---|---|
| Charges: | 8 USC§1324 | (Felony) |
| | 18 USC§3/8 USC 1325 | (Misdemeanor) |

Signature of Complainant

Sworn to before me and subscribed in my presence,

October 29, 2007

Date

Signature of Judicial Officer

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br><br>(1) Kimberly Wesson LEE<br>Citizen of the United States<br><br>Defendant(s), | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **AFFIDAVIT** 07- 10699M-SD<br>FOR DETENTION OF MATERIAL WITNESSES<br><br>CISNEROS-Meza, Eloy<br>and<br>CRUZ-Vazquez, Carlos Hugo<br><br>Citizens of Mexico |

**BEFORE** Jay R. Irwin (U.S. Magistrate) 325 W. 19th Street Yuma, Arizona 85364 (Address of U. S. Magistrate)

**STATE OF ARIZONA** )
: ss.
**CITY AND COUNTY OF YUMA** )

I, Artemio Garcia, being duly sworn depose and state:

(1) That I have signed the complaint in the above entitled case and have investigated it and I am familiar with the facts of the case.

(2) That on or about October 26, 2007, within the Southern District of California, Defendant(s) Kimberly Wesson LEE, knowing or in reckless disregard of the fact that certain aliens, namely, Eloy CISNEROS-Meza and Carlos Hugo CRUZ-Vazquez, had come to, entered, or remained in the United States in violation of law, did transport or move or attempt to transport or move said alien(s) in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii)(Felony).

(3) That said aliens are illegally in the United States and that therefore it is wholly impracticable if not impossible to secure their attendance before the U.S. District Court by subpoena.

(4) That the United States Attorney for the District of Arizona, or one of his assistants acting on his behalf, has requested affiant(s) to secure an order of the Magistrate to hold said persons as a material witness.

WHEREFORE affiant on behalf of the government requests the Magistrate commit her to the custody of the U.S. Marshal.

Affiant

Senior Patrol Agent
Title

Subscribed and sworn to before me this
29th day of October, 2007.

United States Magistrate

**_Probable Cause Statement_**

*I, Senior Patrol Agent Artemio Garcia, declare under penalty of perjury, the following is true and correct:*

Defendant: Kimberly Wesson LEE

**IMMIGRATION HISTORY:** The Defendant is a United States citizen.

**CRIMINAL HISTORY:** None Found

Narrative:

On October 26, 2007, Senor Patrol Agent Schulz was assigned to the Andrade, California area of operations. At approximately 1400 hours Senor Patrol Agent Michael Dittmar was observing traffic from a concealed location in the parking lot of the Quechan Indian Reservation. This parking area is located adjacent to the International Border and is an area that is used regularly to load illegal aliens that cross illegally from Mexico. Agent Dittmar observed three individuals climb over the international boundary fence approximately one quarter mile west of the Andrade, California Port of Entry. The Agent Dittmar then observed them crawl under the perimeter fence of Quechan Parking Lot and enter into a vehicle parked near the same fence. Agent Dittmar described the vehicle as a white Buick four door. Agent Schulz then observed the vehicle exit the Quechan Parking Lot and proceeded north bound on Andrade Road.

Agent Schulz pulled behind the vehicle and performed a traffic stop to determine citizenship of the occupants. The vehicle yielded and pulled to the side of Andrade Road approximately 200 yards north of the Port of Entry on Andrade Road. Agent Schulz identified himself as a Border Patrol Agent and questioned the driver as to her citizenship. She stated that her name was Kimberly Lee and was a US citizen born in Yuma, AZ. Agent Schulz then questioned the occupants and determined the two passengers did not have any immigration documents to be here legally. Agent Schulz then took the driver and the two passengers into custody. Agent Schulz transported the driver and owner of the vehicle Kimberly Lee to Yuma Border Patrol Station for further processing and questioning. The two occupants were transported separately to the Yuma Border Patrol Station for processing and questioning.

At the station Eloy Cisneros Meza gave a sworn statement stating that he was born in Puruandido, Michoacan, Mexico. He admitted to making arrangements to pay $2,000 to be smuggled to Fresno, California. He stated that he jumped the fence near Los Algodones, Mexico and loaded into a white car that was waiting in the parking lot. The guide that crossed him over pointed out which car to get in. He was not inspected by an immigration officer and does not have immigration documents to be here legally. Eloy Cisneros Meza identified Kimberly Lee in a six photo line up as the driver of the white four door that they loaded into.

At the station Carlos Hugo Cruz Vasquez gave a sworn statement stating that he was born in Naucalpan, Mexico, Mexico. He admitted to making arrangements with a man called Felipe to pay $2,500 to be smuggled to Los

Angeles, California. He stated that he jumped the fence near Los Algodones, Mexico and loaded into a white car that was waiting in the parking lot. He was not inspected by an immigration officer and does not have immigration documents to be here legally. Carlos Hugo Cruz Vasquez identified Kimberly Lee in a six photo line up as the driver of the white four door that they loaded into.

Kimberly Wesson Lee was read her rights per service form I-214 at 1850 hours by Agent Aaron Garcia. She agreed to answer questions without lawyer present and agreed to give a sworn statement to the facts that occurred. She stated that she was going to pickup people for a person named "Chuy". She was told to park the car next to the fence at the parking lot in Andrade, California. She saw the people jump over the fence and then they got in her vehicle. She drove off and she was stopped shortly after by the Border Patrol. She admitted that she was going to be paid $150.00 dollars per person and then she was going to take them to a trailer park in Yuma, Arizona. She stated this was her third time picking up illegal aliens from this location. She admitted that she knew it was illegal to pickup aliens.

*Executed on: Date* *October 27, 2007* *Time:* *8:52 AM*

*Signed:* ______________________ *Senior Patrol Agent*

***Finding of Probable Cause***

*On the basis of the facts presented in the foregoing Probable Cause Statement, consisting of two page(s), I find probable cause to believe that the defendant(s) named therein committed the offense on October 26, 2007 in violation of Title 8, United States Code, Section(s) 1324 and Title 18, United States Code, Section 3.*

*Finding made on: Date* October 27, 2007 *Time* 11:29 AM

*Signed:* ______________________ *United States Magistrate Judge*